Good morning, Your Honors. In light of the very limited time I have this morning, what I would propose to do is just sort of cut to the chase and hit up what I think are the two main issues, the issue of res judicata and the issue of the coverage of the settlement agreement from the original state action. As to the issue of res judicata, our basic argument is that under Hawaii preclusion law, which requires an identity of claims to have either been litigated or to have had the opportunity to be litigated, under the Hawaii law and the Hawaii jurisdiction, because this was a summary proceeding in the lower state court for eviction, my client's claims for the violations of the FDCPA were precluded. The statute is very clear. The district courts are courts of limited jurisdiction. The only claims that could be raised as a counterclaim in what we call a summary possession action, it's an eviction action, are claims that arise out of and relate back to the property that's being sought in the possession action. And as I articulated in the briefs, and as articulated there's additional cases that I didn't cite in the briefs from across the circuits, an a third party debt collector is a separate and distinct claim from any claims that may have been involved with the underlying debt. Is there a case that says that such a claim arising in the context of this type of foreclosure eviction action is not, does not fall into that exclusion from 6045? I did find one case, Your Honor. It's a New York case. It was an unpublished opinion, so I didn't feel I could cite it to you. But the Hawaii case so holds. Excuse me, if there was a Hawaii case? Is there a Hawaii case that so holds? No, I couldn't find any case that's held to that effect, Your Honor. Could you just tell me what the Hawaii means by a summary proceeding? A summary proceeding, okay. The summary proceedings are in the district courts, as I mentioned, the district courts in Hawaii, the lower courts, they're limited jurisdiction. The action for possession action, it's called summary. The term summary refers to the fact that it's very narrow. It's only to the issues arising out of the landlord-tenant relationship, okay. And it's very quick. Generally speaking, you serve the complaint on the defendant and within a week or two you're in trial on the issues of possession. And then in Hawaii, at least on Oahu, it's up to the courts. They can bifurcate it out and have a second trial in the district court as to the issue of damages. Can you get a jury trial? No, Your Honor. And is the judge set up to, for example, make complicated rulings on whether an entity is or is not a debt collector? No, Your Honor. No, because, as I said, the only issues that the court would consider would be issues arising out of the possession of the property being sought. And that's our whole point. We couldn't bring the, and again, I would put it, we were the defendants in the summary action. Plaintiffs brought this action against us. And in our suit, we're limited to certain claims that arise out of and refer back to the property that was being sought to be possessed. We can't bring an FDCPA claim. It's precluded. So, for purposes of res judicata, she's never had a fair opportunity to fairly and fully litigate those issues or those claims that she has against the third-party debt collectors. You did bring a range of counterclaims, though, in that. Right. There were a series of counterclaims, and each of the counterclaims referred back to, just as I said, they arise out of the possession, out of the landlord-tenant lease, and refer back to the property. There were claims for breach of the Landlord-Tenant Code, breach of the covenant of quiet enjoyment of the property. So those claims, yeah, they all came out of and referred back to the property. And the court was able to hear those counterclaims? It would have been. The matter was settled before it went to trial. But it would have been able to hear those? Yes, Your Honor. Yes. Do you want to reserve the rest of your time? Well, the only other point I would make, the second point has to do with the issue of the scope of the settlement agreement. And in that issue, our position has been, it was on the position below and the position coming back up, is that the parties are bound by the terms of the settlement agreement to the four corners of the agreement. And the four corners of the agreement clearly state that there was a release in the settlement as to all claims, either known or unknown, as to the date of the settlement agreement, as to that lawsuit, the lawsuit being the summary possession lawsuit. Before the district court, the district court essentially in its order ignored the language as to this lawsuit. And in fact, if you review the order, the district court quoted the order, put a period after it, and then end quotes, and just eliminated the language, the limiting to the claims and counterclaims that were raised or could have been raised in the summary possession suit. We feel that that's plain error. That's simply not what the agreement said. The agreement has to be read in its entirety, and you have to give effect to all of the language that was in the agreement. And clearly the intent of the parties were to release the claims as to that lawsuit. It was not a release to non-parties and to separate claims that we could never have a summary possession suit to begin with. So I think those are the two salient points. Well, about the defendant here, was he acting only as a lawyer? The defendant was acting as a lawyer. As a lawyer, not as a... The defendant was not an attorney, Your Honor, no. Well, isn't the... What is it you claim that the defendant did that wasn't covered by the settlement? Oh, I'm sorry. I'm sorry. You're talking about the defendant in the federal case. I'm sorry. In this, yeah. Okay. I apologize. Our claims in the federal case arise from the manner in which they attempted to... The defendants were the attorneys who were retained by the landlord to bring the action. But what did these defendant lawyers do that was ultramarries their relationship as a lawyer for a client? Well, they were in violation of the fair day... They're certainly within their rights to represent their client, but they have to do so within the preview of the collection statute or the FDCPA. They have to comply with the law in the manner in which they collect it. Our claims that were raised in the federal court had to do with the manner in which they attempted to collect a debt. Specifically, it had to do with communications where they failed to provide the requisite notices that are required under the FDCPA. We had claims as to the manner in which they... And those were the claims. So it wasn't the fact that they were attorneys representing their client. We don't have any beef with that. It was the manner in which they attempted to collect the alleged debt. Well, why wouldn't that all be included in the settlement agreement? Because we couldn't... Well, the settlement agreement is as to the parties. First of all, the express language of the settlement agreement that talks to the parties. There's no language in there including attorneys or privies or anything else. The attorneys weren't doing anything other than representing the party. In the summary possession suit. In the FED action, yeah. And they were. That's correct. They were representing their clients and that's fine. It's... Well, why wouldn't everything they did representing their client be wrapped up in the settlement? No. No. Because the settlement agreement was only as to the parties, as to claims and counterclaims that were raised or could be raised in the summary possession suit. And because we couldn't raise an FDCPA claim in the summary possession suit, it can't be released. We couldn't release it. Now, if they had wanted to, as consideration for the agreement, if they had wanted to include a release as to other claims and other parties... Just a malpractice in not making a global release. I would not opine as to whether it was malpractice or not, Your Honor. But what our position... Your letter would have made a global release and gotten everybody out of this mess. I can say, I'm not going to second guess what the attorneys should have done in that case. I don't feel that's appropriate for me to do. But our point is that the settlement agreement is what it says. It's limited to the four corners. It was a release as to the parties, as to the claims and counterclaims that were raised in the summary possession lawsuit. So, I'll reserve 30 seconds back. Thank you, Mr. Kalish. Thank you, Your Honor. Mr. Goodwin. Good morning, Your Honors. The reason the appellees filed the motion to dismiss and prevailed at the district court level was that prior to plaintiff, as the discussion just was going on, already had filed and dismissed with prejudice a state district court action. Mr. Arakaki, who is one of the two appellees, was the attorney of record in the state court case in which the eviction case was dismissed. It seems to me that there are several problems. There's no question that an attorney can be subject to a Federal Debt Collection Practices Act. I've had some recent exposure to those claims. They're extremely complicated. It involves some very sophisticated matters of proof and defense as to whether or not the attorney was, in fact, a debt collector and was a proper defendant and blah, blah, blah, blah, blah. It's kind of inconceivable to me that the Hawaii Summary Procedure Forum could accommodate that kind of action. That had it been broad, it would almost necessarily have caused your client's recusal, presenting a conflict of interest between him and his client, and that would have required the property owner to get a new lawyer. It would have been a massively complicated, uncongenial trial unit, which is a factor to consider in res judicata under Hawaii law. So, all those things being so, why do you maintain that it could nevertheless could have and had to have been brought? Part of the reason is that, unlike the appellant, we strongly disagree that they could not have brought it in this lawsuit. How do you square bringing it with the plain text of the statute that the counterclaim has to arise out of and refer to the land or premises the possession of which is being sought? This refers to Arikaka's conduct in pursuing a debt. As a counterclaim, it would not have. But there was nothing stopping them from filing a third-party complaint. The Fair Debt Collection Practices Act allows for a state court to have jurisdiction over the Fair Debt Collection Practices Act. And therefore, as a third-party complaint, it could certainly have come into the case. Would it have been tried in that court? It could have been tried in that court. The general jurisdiction statute of the district court is 604-5, and that gives jurisdiction because the amount of damages that we are talking about is well within the district court limits. So, it could have been done, and it would have been as a third-party complaint, not as a counterclaim because, obviously, Mr. Arikaka was not personally the plaintiff. Mr. Arikaka is the one who signed the actual settlement agreement, and that is why the whole argument of appellants totally ignores the fact that Hawaii law is real clear that if you are in privity with a party, you have a right to invoke the settlement agreement. But is there anything about the process there that would have, in effect, alerted Arikaka that he had to defend his own conduct rather than make sure that his client got possession of the property or got the money that was due for rent? Well, the appellant had already brought into this lawsuit to be much more than simply the summary possession by the counterclaim. Everything that is inherent in what is the Fair Debt Collection Practices Act complaint that was actually filed in the district court, the federal district court in this case, were outlined in the counterclaim that was filed by the appellant. That is partly what is so appalling about what has occurred in this case. In fact, when asked by Judge Sanking at the hearing on our motion to dismiss counsel for the appellant and admitted that he already had a secret plan, what you have here is somebody trying to really work the system to create additional litigation. But isn't that exactly what would have happened if he brought a third-party complaint or something else? And if he had, then we would have had the opportunity to fully address it at that point. But to focus on in this lawsuit, because we have also the language of known or unknown, and here you have an admission that it was known at the time that they were litigating at the state district court level, and to be trying to argue that it could not be heard at the state court level is simply false. It would have been a third-party complaint. To focus on the counterclaim is totally inappropriate, because obviously counterclaims only go against the existing parties. And Mr. Arakaki was a third-party, but he was clearly under Hawaii law in privity with his own client. The Hawaii law on this point goes back to 1969 in terms of its case law about saying that a party in privity has all the benefits of the prior litigation. What's the closest case that you can point to, recognizing Judge Akuda's question to your opposing counsel, that there doesn't appear to be any Hawaii law that's really kind of right on target? So what's your closest case that a lawyer who is himself subject to sue for his conduct in collecting the debt is, in effect, a necessary party to his client's effort to evict? Well, I don't think the issue should be defined as a necessary party. Well, it's pretty close to it, isn't it? You're saying they've got to have brought a third-party complaint. So you're saying that they were necessary to resolution of that dispute. I mean, which would create a conflict, right? I mean, do you agree with that? If they had filed a lawsuit, there clearly would have been a conflict. But I don't agree that – I mean, it's become a, quote, a necessary party in one sense because of the fact we got the subsequent lawsuit. Clearly, the normal way you handle these kinds of lawsuits in the district court, at the state district court level, you never get to the point of having the attorneys being parties to the litigation. And that's why the sandbagging that, quite frankly, was done by the appellant is, to me, so incredible. Because the issues, as I said, I mean, when we point out on page 14 of our answering brief, I mean, the allegations that go to the fair debt were all set forth in the counterclaim that has to – Sure, as predicates, because it was a predicate. They were not seeking to recover because of the posting. That was one of the facts in the chain which said, I want to stay here. I'm entitled to stay here. I paid my rent against you, landlord. You can't put me out of my house, out of my apartment. So, sure, I mean, there's no question everybody knew the thing was posted. And one of the – and you have a separate appendant claim that's also part of this lawsuit that is 100 percent tracking the counterclaim, which is the 480 claim that they're trying to also keep alive, the Hawaii Unfair and Deceptive Practices Act. And that one, even independent of the rates due to CARTA and the collateral estoppel, is subject to dismissal based on both the settlement agreement and on the litigation privilege issue that we raised in our answering brief. Mr. Goodwin, before you forget it, if you have the closest case, I'd love to have it. Oh, the closest – there's no Hawaii case in there. The closest case is the Jones case that we cited. The closest Hawaii case involves an architect, which is the Moreau case regarding a building, Royal Vista. I'm fond of the case that actually – I live at Royal Vista. But it's a 1975 case in which it makes real clear that the architect, who was not a party in the first litigation, cannot be sued in the second case. And on that basis, the architect was – the plaintiffs were not allowed to pursue the plaintiff. And we do cite to the Monroe v. Stark Enterprise in our answering brief. Thank you. Okay. Thank you, Mr. Goodwin. Mr. Kalish? Thank you, Judge. I have less than 30 seconds, so I'll be very brief. I believe – if the court – if I understand the court correctly, the court is asking for the closest case addressing the privity issue. I don't believe that there's any cases in Hawaii that address the issue of privity, specifically between an attorney and a lawyer. I do believe that the closest case that does address the issue of privity and what constitutes a privity is the Inouye-Dowsett Trust case, which is set in Hawaii, AB 640, in which the court determined that for a non-party to have privity with a party to an action. Well, under the common law of agency, wouldn't there be privity between a lawyer and a client? No. There's the agency – If they're conducting the same transaction? I don't believe so, Your Honor. Agency is an entirely different set of law. The issue – and the point that the Hawaii court makes in Dowsett is what I believe is really the crux of the matter is would they have been liable on the judgment? Would the non-party have been liable on a judgment in the first adjudication? Do they have an interest in the underlying adjudication such that they would have liability? That's the question. And Dowsett was interesting, too, because it was actually a case in which the first adjudication was – there was a settlement agreement. But the court still, in its analysis of determining whether the non-party was in privity, looked to see – and the issue was do they have an interest in the underlying adjudication such that they would be liable on a judgment if there had been a judgment? I'm out of time. Thank you very much, Your Honors. I appreciate it. Okay. Thank you, counsel, both of you. The matter just argued will be submitted.
judges: Goodwin, Rymer, Ikuta